UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
KHERANI KESSOON,

              Plaintiff,

  -against-

THE COUNTY OF NASSAU,
NASSAU COUNTY P.O. CASEY QUINN and
NASSAU COUNTY P.O. JAMES FRIEL,

              Defendants.
------------------------------------X

**COMPLAINT**

Plaintiff Demands A
Trial By Jury

       Plaintiff, by his attorneys SIVIN, MILLER & ROCHE, LLP, as and for his complaint herein, alleges as follows, upon information and belief:

## THE PARTIES, JURISDICTION and VENUE

       1. That at all times herein mentioned, plaintiff was and is a United States citizen.

       2. That this Court has jurisdiction over this action in that some of the causes of action herein arise under 42 U.S.C. § 1983.

       3. That venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) in that the events giving rise to this action occurred in this district.

       4. That at all times herein mentioned, defendant The County of Nassau (hereinafter "the County") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

       5. That at all times herein mentioned, the County operated, controlled, managed, and maintained the Nassau County Police Department (hereinafter the "NCPD").

       6. That prior to the institution of this action and within ninety (90) days from the date when the state-law causes of action accrued herein, a notice of claim and

intention to sue was duly served upon and filed with the defendants on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and the defendants have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the state-law cause of actions accrued herein.

7. That at all times herein mentioned, defendant P.O. Casey Quinn (hereinafter "Quinn") was employed as a police officer with the NCPD.

8. That at all times herein mentioned, Quinn was acting within the course and scope of his employment with the NCPD.

9. That at all times herein mentioned, Quinn was acting under color of state law.

10. That at all times herein mentioned, defendant P.O. James Friel (hereinafter "Friel") was employed as a police officer with the NCPD.

11. That at all times herein mentioned, Friel was acting within the course and scope of his employment with the NCPD.

12. That at all times herein mentioned, Friel was acting under color of state law.

13. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## FACTS

14. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

15. On the evening of May 30, 2021, plaintiff was operating a motor vehicle on a public roadway in the County of Nassau, in the State of New York.

16. While plaintiff was operating the motor vehicle, Quinn and Friel, without probable cause or reasonable suspicion to believe that plaintiff had committed or was about to commit a crime or criminal violation, and without otherwise being justified, directed plaintiff to pull the vehicle over, and plaintiff complied with that directive.

17. At some point after he pulled the vehicle over, plaintiff was directed by Quinn to exit the vehicle, and plaintiff again complied with that directive.

18. Quinn and Friel then then searched plaintiff's person and the vehicle plaintiff had been operating, without plaintiff's consent, without a warrant, and without probable cause or reasonable suspicion to believe that plaintiff had committed or was about to commit a crime or criminal violation, and without otherwise being justified.

19. Plaintiff then was forcibly handcuffed and taken by Quinn and Friel to 5th precinct of the Nassau County Police Department.

20. Once at the precinct, plaintiff again was searched by Quinn and Friel without plaintiff's consent, without a warrant, and without probable cause or reasonable suspicion to believe that plaintiff had committed or was about to commit a crime or criminal violation, and without otherwise being justified.

21. Defendants did not recover any illegal drugs or contraband or other illegal items from plaintiff or from any area over which plaintiff exercised any dominion or control.

22. Nevertheless, on May 31, 2021, defendants initiated a prosecution of plaintiff by causing him to be charged with multiple counts of criminal possession of controlled substances.

23. In support of the criminal prosecution, Quinn swore out a Felony Complaint in which he made false accusations of criminal activity of plaintiff.

24. Plaintiff had not committed any of the acts with which he was charged in the Felony Complaint, and defendants lacked probable cause to believe that plaintiff had committed any of those acts or that the prosecution of plaintiff would succeed.

25. In support of the criminal prosecution Quinn and Friel also knowingly made false statements to prosecutors and to fellow officers regarding their interactions with plaintiff and the circumstances leading to plaintiff's arrest and prosecution.

26. Included among the false statements made by Quinn and Friel were the following: 1) a statement that plaintiff, when asked to produce his driver's license, responded, "I don't have a license"; 2) statements that illegal drugs were recovered from plaintiff and from areas over which plaintiff exercised dominion or control; 3) statements that plaintiff tacitly acknowledged possession and control over illegal drugs by claiming they were given to him by a third party; and 4) a statement that plaintiff attempted to secrete in his pocket what defendants subsequently determined was an illegal drug; 5) a statement that plaintiff engaged in other furtive gestures and conduct suggestive of an attempt to conceal possession of illegal drugs or contraband.

27. The evidence fabricated by defendants consisted of illegal drugs and/or substances that resembled illegal drugs that defendants alleged they recovered from plaintiff and from areas over which plaintiff allegedly exercised dominion or control.

28. The false statements and fabricated evidence were material in nature, and were of the kind likely to persuade a jury and/or jury that plaintiff was guilty of the crimes with which he was charged.

29. As a result of the aforementioned prosecution, and the false statements and fabricated evidence, plaintiff suffered a significant restriction of his liberty, including but not limited to being restricted in his travel, subjected to bail conditions that he was not able to meet, and being incarcerated for a period of over five months.

30. During his incarceration, plaintiff was brutally attacked and severely injured by another incarcerated individual.

31. After being prosecuted for one year, all criminal charges against plaintiff were dismissed on or about May 17, 2022 due to insufficiency of the evidence, and the criminal proceeding terminated favorably to plaintiff.

32. At all times herein mentioned, Quinn and Friel observed the illegal and unconstitutional actions of their fellow officers, had reasonable opportunities to intervene to prevent and/or stop those actions, and deliberately failed and refused to do so.

33. The aforementioned actions by Quinn and Friel were intentional and malicious in nature.

34. As a result of defendants' actions, plaintiff endured and will continue to endure physical and emotional pain and suffering and loss of enjoyment of life, suffered a significant loss of liberty, sustained a loss of earnings and other economic loss, and was otherwise damaged.

**FIRST CAUSE OF ACTION AGAINST QUINN and FRIEL**
(42 U.S.C. § 1983:  Illegal Search and Seizure)

35. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

36. The aforesaid actions by Quinn and Friel in unlawfully pulling plaintiff over, forcibly removing plaintiff from the vehicle and handcuffing him, and conducting warrantless searches of plaintiff and of the vehicle plaintiff was operating, and/or allowing

their fellow officers to engage in the aforesaid conduct, rather that intervening to prevent and/or stop that conduct, constituted illegal and unreasonable searches and seizures of plaintiff in violation of the proscription against unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION AGAINST QUINN and FRIEL
(42 U.S.C. § 1983:  False Arrest/Imprisonment)

37.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

38.  The aforesaid actions by Quinn and Friel in forcibly detaining, arresting, and imprisoning plaintiff without a warrant and without probable cause or other legal justification, and/or in allowing their fellow officers to engage in the aforesaid conduct, rather than intervening to prevent and/or stop that conduct, constituted a false arrest and false imprisonment of plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Malicious Prosecution Under NY State Law)

39.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

40.  The aforesaid actions by Quinn and Friel in initiating and/or causing to be initiated the prosecution of plaintiff, and/or in allowing their fellow officers to engage in the aforesaid conduct, constituted a malicious prosecution of plaintiff, for which Quinn and Friel are liable under New York State law and for which the County is vicariously liable under the doctrine of respondeat superior.

**FOURTH CAUSE OF ACTION AGAINST QUINN and FRIEL**
(42 U.S.C. § 1983:  Malicious Prosecution)

41.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

42.  The aforesaid actions by Quinn and Friel in initiating and/or causing to be initiated the prosecution of plaintiff, and/or in allowing their fellow officers to engage in the aforesaid conduct, constituted a malicious prosecution of plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

**FIFTH CAUSE OF ACTION AGAINST QUINN AND FRIEL**
(42 U.S.C. § 1983:  Denial of Right to Fair Trial)

43.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

44.  The aforementioned false statements and fabricated evidence, and the resulting deprivation of plaintiff's liberty, constituted a denial of plaintiff's right to a fair trial, in violation of rights guaranteed to plaintiff under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and entitle plaintiff to recover damages under 42 U.S.C. § 1983.

WHEREFORE, plaintiff demands judgment in the form of compensatory damages against defendants, and each of them, in an amount to be determined by the trier of fact, together with punitive damages against Quinn and Friel in an amount to be determined by the trier of fact, and plaintiff demands attorneys' fees against Quinn and Friel pursuant to 42 U.S.C. § 1988, and plaintiff demands the costs and disbursements of

this action.

Dated:  New York, New York
        July 13, 2023

                                                            Yours, etc.
                                                            SIVIN, MILLER & ROCHE, LLP

                                                   By *Edward Sivin*
                                                            Edward Sivin
                                                            Attorneys for Plaintiff
                                                            20 Vesey Street, Suite 1400
                                                            New York, NY  10007
                                                            (212) 349-0300